

**U.S. Department of Justice**

*United States Attorney's Office*
*District of New Jersey*

---

*Camila Garces*
*Assistant U.S. Attorney*

CAG/PL AGR
2024R00780

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*

*973-645-2700*

April 29, 2026

Deirdre von Dornum, Esq.
Krista Staropoli, Esq.
Alexandra Conlon, Esq.
Sher Tremonte LLP
90 Broad Street
New York, NY 10004
Dvondornum@shertremonte.com
Kstaropoli@shertremonte.com
Aconlon@shertremonte.com

Re:    <u>Plea Agreement with Tomas-Kaan Jimenez-Guzel</u>

Dear Counsel:

This letter sets forth the plea agreement between your client, Tomas-Kaan Jimenez-Guzel ("Jimenez-Guzel"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on May 15, 2026, if it is not accepted in writing by that date. If Jimenez-Guzel does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Jimenez-Guzel to a one-count Information, which charges Jimenez-Guzel with conspiracy to provide material support to a designated foreign terrorist organization, in violation of Title 18, United States Code, Section 2339B(a)(1). If Jimenez-Guzel enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Jimenez-Guzel for conspiring to provide material support to a designated foreign terrorist organization, namely the Islamic State of Iraq and al Sham, from a date unknown, but by at least on or about July 24, 2025, to on or about November 4, 2025. In addition, if Jimenez-Guzel fully complies with this agreement,

at sentencing, this Office will move to dismiss Count Two of the Complaint, Mag. No. 25-11260 (AME), against Jimenez-Guzel.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Jimenez-Guzel even if the applicable statute of limitations period for those charges expires after Jimenez-Guzel signs this agreement, and Jimenez-Guzel agrees not to assert that any such charges are time-barred.

Sentencing

The violation of Title 18, United States Code, Section 2339B(a)(1), to which Jimenez-Guzel agrees to plead guilty in  the Information, carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Jimenez-Guzel is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Jimenez-Guzel ultimately will receive.

Further, in addition to imposing any other penalty on Jimenez-Guzel, the sentencing judge as part of the sentence:

(1)     will order Jimenez-Guzel to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; and

(2)     pursuant to 18 U.S.C. § 3583(j), may require Jimenez-Guzel to serve a term of supervised release of any term of years or life, which will begin at the expiration of any term of imprisonment imposed. Should Jimenez-Guzel be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Jimenez-Guzel may be sentenced to not more than ~~five~~ two years' C.G. 7/27/26 imprisonment in addition to any prison term previously imposed, JJ 7/27/26 regardless of the statutory maximum term of imprisonment set forth 7/27/26

- 2 -

above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of Jimenez-Guzel's acceptance of responsibility, Jimenez-Guzel agrees to forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c), all assets, foreign or domestic: (i) of any entity or organization engaged in planning or perpetrating any Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property, and all assets, foreign or domestic, affording Jimenez-Guzel a source of influence over any such entity or organization; (ii) acquired or maintained by Jimenez-Guzel with the intent and for the purpose of supporting, planning, conducting, or concealing any Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property; (iii) derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property; and (iv) of any entity or organization engaged in planning or perpetrating any act of international terrorism (as defined in in 18 U.S.C. § 2331) against any international organization (as defined in 22 U.S.C. § 4309(b)) or against any foreign Government.

Jimenez-Guzel acknowledges that the following property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c) as an asset that was involved in, or used or intended to be used to commit any Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property: an iPhone 14 with serial number CXDHDP7V1X and iPhone 15 Pro with serial number C3J2471H2Q (the "Specific Property"). Jimenez-Guzel admits that the Specific Property has the requisite nexus to the offense charged in the Information.

Jimenez-Guzel waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), Jimenez-Guzel consents to the entry of a forfeiture order that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. Jimenez-Guzel understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise Jimenez-Guzel of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Jimenez-Guzel further understands that Jimenez-Guzel has no right to demand that any forfeiture of Jimenez-Guzel's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose in addition to forfeiture. Jimenez-Guzel waives all constitutional, statutory, and other challenges to the forfeiture on all grounds,

- 3 -

including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

Jimenez-Guzel also consents to the administrative and/or civil judicial forfeiture of the Specific Property. Jimenez-Guzel agrees that Jimenez-Guzel will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent Jimenez-Guzel has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are deemed withdrawn. Jimenez-Guzel further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

Jimenez-Guzel further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of Jimenez-Guzel's right, title, and interest in the Specific Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Jimenez-Guzel by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Jimenez-Guzel's activities and relevant conduct with respect to this case.

Stipulations

This Office and Jimenez-Guzel will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.

- 4 -

Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

<u>Waiver of Appeal and Post-Sentencing Rights</u>

As set forth in Schedule A and the paragraph below, this Office and Jimenez-Guzel waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

<u>Immigration Consequences</u>

Jimenez-Guzel understands that, if Jimenez-Guzel is not a citizen of the United States, Jimenez-Guzel's guilty plea to the charged offense will likely result in Jimenez-Guzel being subject to immigration proceedings and removed from the United States by making Jimenez-Guzel deportable, excludable, or inadmissible, or ending Jimenez-Guzel's naturalization. Jimenez-Guzel understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Jimenez-Guzel wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Jimenez-Guzel's removal from the United States. Jimenez-Guzel understands that Jimenez-Guzel is bound by this guilty plea regardless of any immigration consequences. Accordingly, Jimenez-Guzel waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Jimenez-Guzel also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

<u>Other Provisions</u>

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Jimenez-Guzel. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Jimenez-Guzel from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between Jimenez-Guzel and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ROBERT FRAZER
United States Attorney

By:    Camila Garces
Assistant U.S. Attorney

APPROVED:

Joyce M. Malliet
Chief, National Security Unit

- 6 -

I have received this letter from my attorneys, Deirdre von Dornum, Esq., Krista Staropoli, Esq., and Alexandra Conlon, Esq. I have read it. My attorneys and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_____          Date:
Tomas-Kaan Jimenez-Guzel


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____          Date:
Deirdre von Dornum, Esq.
Krista Staropoli, Esq.
Alexandra Conlon, Esq.
Counsel for Tomas-Kaan Jimenez-Guzel

- 7 -

Plea Agreement With Tomas-Kaan Jimenez-Guzel ("Jimenez-Guzel")

Schedule A

1.      This Office and Jimenez-Guzel recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.      The version of the Guidelines effective November 1, 2025 applies in this case.

3.      The applicable guideline is U.S.S.G. § 2M5.3. This guideline carries a Base Offense Level of 26. See U.S.S.G. § 2M5.3(a).

4.      The Specific Offense Characteristic set forth in U.S.S.G. § 2M5.3(b)(1)(E) applies because the offense involved the provision of funds or other material support or resources with the intent, knowledge, or reason to believe they are to be used to commit or assist in the commission of a violent act. This Specific Offense Characteristic results in an increase of two levels.

5.      Therefore, before application of the Chapter 3 adjustments, the Guidelines offense level is 28.

6.      The upward adjustment set forth in U.S.S.G. § 3A1.4 applies because the offense is a felony that involved a federal crime of terrorism. This adjustment results in an increase of 12 levels. See U.S.S.G. § 3A1.4(a). In such case, Jimenez-Guzel's criminal history category shall be Category VI.  See U.S.S.G. § 3A1.4(b).

7.      As of the date of this letter, Jimenez-Guzel has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Jimenez-Guzel's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

8.      As of the date of this letter, Jimenez-Guzel has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Jimenez-Guzel's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Jimenez-Guzel enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Jimenez-Guzel's acceptance of responsibility has continued through the date of sentencing and Jimenez-Guzel therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to

- 8 -

U.S.S.G. § 3E1.1(a), and (c) Jimenez-Guzel's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9.     Accordingly, the parties agree that the total Guidelines offense level applicable to Jimenez-Guzel is 37 (the "Total Offense Level").

10.     The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapters 3 and 4 of the Guidelines. But each party may seek a variance from that Guidelines range, which the other party may oppose.

11.     If the term of imprisonment does not exceed 240 months, and except as specified in the next paragraph below, Jimenez-Guzel will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 240 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

12.     Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a)     Any proceeding to revoke the term of supervised release.

(b)     A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)     An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).